No. 19,701.

THE MERRIAM MORTGAGE COMPANY, *Appellee*, V. THE SAINT PAUL FIRE & MARINE INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. JUDGMENT—*No Appeal after Voluntary Payment.* One who voluntarily pays a judgment rendered against him by a district court can not question the justice or validity of the judgment by subsequent appeal to this court.

2. INSURANCE—*Mortgage Clause—Right to Subrogation Lost.* The rule that the burdens and the benefits of a contract, remedy, or course of conduct must be accepted together or renounced together applied in considering an application by an insurance company for subrogation under a mortgage clause attached to one of its policies, made after all liability on the policy had been denied and the mortgagee had been compelled to establish his right by litigating the matter to final judgment.

3. INSURANCE—*On Oklahoma Property—Written in This State—Attorney's Fee.* Under sections 4262 and 4263 of the General Statutes of 1909, the court, in rendering judgment against a fire insurance company on a policy of insurance written in this state, is authorized to allow the plaintiff a reasonable sum as an attorney fee although the policy relates to property situated in the state of Oklahoma.

4. INSURANCE—*Appeal—Attorney's Fee.* The statute referred to does not authorize this court to allow the plaintiff an attorney fee on appeal by an insurance company from a judgment rendered against it.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 12, 1916. Affirmed.

*E. L. Foulke, C. A. Matson,* and *J. D. Wall,* all of Wichita, for the appellant.

*Eugene S. Quinton,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a fire insurance policy. The plaintiff recovered judgment for the amount of the policy and for an attorney fee. A supplemental application by the defendant for subrogation was denied. The defendant appeals.

The policy was issued to the owner of the property involved.

Loss was made payable for the assured's account to the plaintiff as mortgagee under a mortgage clause attached to the policy, which reads in part as follows:

"It is agreed that whenever this company shall pay the mortgagee any sum for loss under this policy and shall claim that as to the grantors in the mortgage, or owners, no liability therefor existed, it shall at once be legally subrogated to all the rights of the mortgagee under all the securities held as collateral to the debt secured by the mortgage, to the extent of such payments. Or at its option may pay to the mortgagee the whole principal due or to become due upon the note or bond, and mortgage securing the same, and shall thereupon receive a full assignment and transfer of the mortgage, without recourse, and all other securities held as collateral to the debt; but no such subrogation shall impair the right of the mortgagee to first recover the full amount of their claim."

The case was submitted on a demurrer to the petition and a stipulation covering certain facts. Judgment was rendered on February 21, 1914, which the defendant paid on April 8, 1914. The appeal was taken on August 19, 1914. The defendant assigns as error the rendition of judgment in favor of the plaintiff and makes an extended argument against the plaintiff's right to recover. Having voluntarily paid the judgment, the defendant can not now question its justice or validity. (*Seaverns v. The State,* 76 Kan. 920, 93 Pac. 163; *The State v. Massa,* 90 Kan. 129, 132 Pac. 1182.) In the Seaverns case previous decisions of this court discussing and applying the principle involved were collated and classified.

An attorney fee was allowed under sections 4262 and 4263 of the General Statutes of 1909, which read as follows:

"This act shall apply to all policies of insurance hereafter written in this state, and also to the renewals which shall hereafter be made of all policies written in this state, and the contracts made by such policies and renewals shall be construed to be contracts made under the laws of this state.

"The court in rendering judgment against any insurance company on any such policy of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, to be recovered as a part of the costs."

The policy related to property situated in the state of Oklahoma, but was written in this state. Sections 4262 and 4263 of the General Statutes of 1909 are sections 3 and 4 of chapter 142 of the Laws of 1897. The act of 1897 was amendatory of chapter 102 of the Laws of 1893, entitled, "An act defining the liability of fire insurance companies in certain cases." Sec-

tion 1 of this act provided that the amount of insurance written in a policy covering real property in this state should be taken as the true value of the property if totally destroyed and the true amount of the loss. Section 2 made the act apply to all policies of insurance written upon real property in this state. Section 3 provided for attorney fees. The act of 1897 continued the original valued policy provision, added a new subject, amended section 2 to apply not merely to policies written on real property in this state but to all fire insurance policies written in this state, and continued the provision relating to attorney fees. The result is, the policy under consideration is governed by the statute, and it is not material that the laws of Oklahoma do not provide for the allowance of attorney fees in actions on insurance policies.

The application for subrogation was made under the first part of the mortgage clause quoted above. The court authorized an assignment of the securities held by the plaintiff on full payment within a stated time of the balance due on the plaintiff's note and mortgage, under the latter part of the mortgage clause. The defendant declined to comply with the court's order and stands on its right to *pro tanto* subrogation. Instead of recognizing the obligation of the contract to pay the loss to the mortgagee, liability to the mortgagor being denied, the defendant repudiated that obligation, and with the obligation repudiated the reciprocal contract right to *pro tanto* subrogation. Having compelled the plaintiff to resort to litigation and to establish liability under the policy by final judgment, the defendant can not now reverse its attitude and demand that the amount of the judgment be taken out of the plaintiff's security. The controlling principle is that of election. The burdens and the benefits of a contract, remedy, or course of conduct must be accepted together or must be renounced together. Decisions applying the principle are collated in the opinion in the case of *Ullrich v. Bigger,* 81 Kan. 756, 106 Pac. 1073.

An application is made for the allowance of an additional attorney fee to the plaintiff on account of the defendant's appeal. This court does not render judgment on the policy of insurance.

The judgment of the district court is affirmed.