No. 33,293

N. J. WOLLARD, Administrator de bonis non of the Estate of Charles Wauch, Deceased, *Appellee*, v. CLAUDE L. PETERSON and the FIDELITY AND CASUALTY COMPANY OF NEW YORK, *Appellants*.

(66 P. 2d 375)

Opinion filed April 10, 1937.

*Fred Robertson, Edward M. Boddington, J. O. Emerson* and *Louis R. Gates,* all of Kansas City, for the appellants.

*Elmer E. Martin,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This case was here before. It was an action by an administrator *de bonis non* against the former administrator of an estate and his bondsman, a surety company, to collect the assets and funds belonging to the estate that were in the hands of the former administrator as shown by records in the probate court, together with interest thereon, expenses and costs of the action. After trial in the district court, and appeal to this court, the case was decided in favor of the plaintiff on April 11, 1936, which decision is reported in 143 Kan. 566, 56 P. 2d 476. In remanding the case the trial court was directed to render judgment for the plaintiff against both defendants for the balance of the assets of the estate in the sum of $3,516.64 with interest, and to hear evidence as to the amount of a reasonable attorney fee for plaintiff's attorney, and add such amount, with the costs of the action, to the judgment.

The trial court heard evidence and allowed an attorney fee in the sum of $1,500, and added interest on the assets of the estate from December 10, 1932. After the rendition of this judgment the surety company paid into court the sum of $3,516.64, together with interest thereon at the rate of six percent per annum from October 4, 1933. The motion for new trial being overruled, the defendants appealed from the allowance of the attorney fee and as to interest accruing between December 10, 1932, and October 4, 1933.

A preliminary question arises on the suggestion of the plaintiff that the defendant surety company is estopped to assert error in the judgment a portion of which it has paid. The rule in Kansas is

that acquiescence in a judgment, even to the extent of paying costs, is a bar to the right to take an appeal (*Paulsen v. McCormack,* 133 Kan. 523, 1 P. 2d 259), and of course Kansas has uniformly held that the acceptance of proceeds of litigation or the benefits derived from the judgment amounts to a waiver of any error in the whole trial, but the acceptance of benefits and the acquiescence in a part of the burden of a judgment are two very different things, and no Kansas authority has been pointed out as to such a rule applying to acquiescence in some of the distinct and separate burdens of the judgment and appealing as to others. The question is whether one is estopped from showing errors in a proceeding where he submits to a burden imposed by the court as to one or more separate and distinct features of the judgment and appeals from others.

It is said in 2 Am. Jur. 978:

"Another exception to the general rule has also been applied in the case of a decree consisting of two separate, distinct, and unrelated parts, the disposition of either of which can in no wise affect the decision as to the other."

It is also said in 4 C. J. S. 396:

"The right of appeal is favored by the law, and it will not be held to have been waived except upon clear and decisive grounds, and, where a judgment or decree involves distinct and severable matters or demands, a waiver or estoppel as to only one or a part thereof will not prevent an appeal as to the residue."

In this case the principal sum of the judgment was paid by the surety company, and a part of the interest decreed by the court, and the appellant takes exception to the charging of interest for an additional ten-month period and to the allowance of an attorney fee in the sum of $1,500. We think the errors, if any, limited to these two features should be heard.

Appellant urges four reasons why the amount allowed as attorney fee is so unreasonable as to require a rehearing. Two of these reasons have reference to the time covered by the service—work done by the attorney prior to the filing of his first papers in the case, and work done in the supreme court on review of the judgment in the trial court. A third reason assigned was the admission in evidence of a conversation between the plaintiff and his attorney before filing any papers as to the charging of a fee, and fourth that the attorney fee allowed by the trial court is excessive.

The first reason refers to the testimony of about two weeks' full time having been spent in the preparation of the third amended petition before the filing thereof, while the instructions in the remanding

of the case by this court were to allow a reasonable attorney fee in the case "beginning with the filing of the third amended petition." Perhaps technically speaking this is not literally in accord with the instructions, but there was necessarily some work to be done in preparing such petition for filing. The unusual length of time so employed in this case seems to be a stronger reason for pressing the point than the literal wording of the instruction. However, we have no evidence of witnesses nor expression of the trial court as to any division of the fee allowed as being for different parts of the services rendered, and to segregate this two weeks' time and work from the whole period covered would require a rehearing which we think unnecessary, as doubtless a reasonable time for the preparation of such pleading would be proper.

The second reason assigned is that the allowance covers the time spent and work done in the review of the original judgment in the supreme court, citing a number of cases, among them, *Noel v. Continental Casualty Co.*, 138 Kan. 136, 23 P. 2d 610, where the trial court attempted to retain jurisdiction so as to allow additional attorney fee in case the judgment would be affirmed in the supreme court. This court held such procedure was not proper and that the attorney fee should be allowed at the time judgment was rendered. In the case at bar the fee was allowed at the same time the judgment was rendered. Reference is also made to the decisions in *Elliott v. Oil Co.*, 106 Kan. 248, 187 Pac. 692, and *Mortgage Co. v. Insurance Co.*, 97 Kan. 190, 155 Pac. 17. The former was in an action to cancel an oil and gas lease, where the court canceled the lease but refused to allow attorney fee, and both parties appealed, the plaintiff insisting upon the court of review rendering judgment in his favor for such a fee here and to remand the case to the district court for the rendition of a further judgment under the statute for damages and attorney fee in the trial court, citing the latter case above noted, where it was held:

"The statute referred to does not authorize this court to allow the plaintiff an attorney fee on appeal by an insurance company from a judgment rendered against it." (Syl. ¶ 4.)

No such restriction or limitation is contained in the statutes allowing attorney fees for actions against administrators and their bondsmen (G. S. 1935, 22-919 and 22-1001).

It was said in *Light v. St. Paul Fire & Marine Ins. Co.*, 132 Kan. 486, 296 Pac. 701, a hail-insurance case:

"The statute referred to confers no authority on this court to allow plaintiff a fee for services of his attorney in connection with the appeal." (Syl. ¶ 5.)

There are two reasons why this decision is not applicable: first, the statute in hail-insurance cases allows no additional expense or damage except attorney fees, and second, in the case above cited the application for attorney fee in the supreme court was first made in the supreme court instead of being allowed in the district court at the same time the judgment was rendered.

In the case of *Surety Co. v. Piatt,* 67 Kan. 294, 72 Pac. 775, which was an action by an administrator *de bonis non* against the surety of the deceased administrator of the same estate, it was held:

". . . the administrator *de bonis non* may recover from the defaulting administrator and his sureties the amount so misapplied, and also for the additional expense of administration made necessary by the default." (Syl. ¶ 4.)

And in the opinion it was said concerning the deceased administrator:

"His failure and default required the appointment of an administrator *de bonis non,* and the expense of the further administration occasioned by his default is something for which he and the sureties on his bond are liable." (p. 300.)

The inclusion of the time and labor of the attorney for plaintiff, expended in preparing for and conducting an appeal in the supreme court, is proper in a case of this character when the allowance is made first by the trial court.

The next reason assigned by the appellant as to the conversation between plaintiff and his attorney being incompetent evidence to establish the amount of a reasonable attorney fee, we think is good, but the error in admitting it when the hearing was before the court was not reversible. It was evidently introduced with the intention to augment the size of the allowance.

As to the allowance made by the trial court being excessive, we are compelled to hold that it was grossly excessive and ought to be reduced to $750. Many cases are cited by both sides showing reductions made and allowances sustained, where the percentage can be calculated, and such percentage varies greatly and does not control, but is a proper element to be considered. Without discussing these cases, we have considered the percentage and have considered the suggestion of the appellee that interest and attorney fee should be added to the judgment to show a total recovery, but with those additions we think it still leaves the amount allowed excessive. Several

elements are to be taken into account in determining the amount of a reasonable attorney fee. The following statements will be helpful in reference to the elements that properly enter into such determination:

"The allowance of a reasonable sum as an attorney fee in certain fire-insurance cases under R. S. 40-228 and 40-416 is intended as a fee only, and not a separate amount for expenses, but the court in determining the amount thereof may consider labor, time, and trouble involved, as well as extent of services rendered and the nature and importance of the litigation." (*Boberg v. Fitchburg Mutual Fire Ins. Co.,* 127 Kan. 787, syl. ¶ 4, 275 Pac. 211.)

"The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered; the labor, time and trouble involved; the nature and importance of the litigation or business in which the services were rendered; the responsibility imposed; the amount of money or the value of the property affected by the controversy, or involved in the employment; the skill and experience called for in the performance of the services; the professional character and standing of the attorney; the results secured; . . ." (6 C. J. 750.) (See, also, 5 Am. Jur. 379.)

The trial court can, as it did in this case, hear expert testimony as to the value of such legal services, but it is not bound by such testimony, and it may apply its own knowledge and professional experience in determining the value of the services rendered, as was held in *Epp v. Hinton,* 102 Kan. 435, 170 Pac. 987, and numerous other cases, but when so determined it, like other rulings of the trial court, is subject to review. It is not, even where evidence is introduced as in this case, a finding of fact, but more nearly like a conclusion of law upon all the facts and circumstances in the case.

As to the item of interest for the ten-month period between the time the probate court approved the final account of the former administrator until the appointment of the plaintiff as administrator *de bonis non* and the commencement of this action, the case of *Vincent v. Werner,* 140 Kan. 599, 38 P. 2d 687, is cited and discussed. There the first administrator was charged with compound interest, which was approved by this court under all the circumstances of that case. He was there found to have commingled the funds of the estate with his own funds and had made a profit for himself by selling bonds and other property belonging to the estate. The defendant administrator in this case did not go quite that far under the pleadings and facts mentioned in the earlier decision (*Wollard v. Peterson,* 143 Kan. 566, 56 P. 2d 476), but absolutely failed and neglected to pay out the funds in his hands which belonged to the

estate when ordered to do so on December 10, 1932. This is specifically mentioned as one of the faults of an administrator for which the bondsman shall be liable under the statutes above cited. His neglect did not commence with the appointment of the administrator *de bonis non,* but when he failed to comply with the order of the probate court, and therefore under the statute the defendants are both liable for interest from the time he neglected to obey the order of the court, viz., December 10, 1932.

The judgment is modified by reducing the amount of the attorney fee to $750; otherwise, it is affirmed.