No. 36,755

PAUL SISK, *Appellee*, v. H. A. EDMONSTON, doing business as OIL STATES CONSTRUCTION COMPANY, *Appellant.*

(182 P. 2d 891)

JAMES P. COLEMAN, judge. Opinion filed July 12, 1947.

L. J. Bond, of El Dorado, argued the cause, and *Claude I. Depew, W. E. Stanley, Lawrence Weigand, William C. Hook, Lawrence E. Curfman,* all of Wichita, *I. J. Underwood, Paul Pinson, M. C. Rodolf, O. L. Lupardus* and *Jack Campbell,* all of Tulsa, Okla., were with him on the briefs for the appellant.

E. J. Doerner, of Tulsa, Okla., argued the cause, and *W. H. Carpenter, John E. Wheeler,* both of Marion, *S. J. Clendinning* and *Theodore Rinehart,* both of Tulsa, Okla., were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question before this court for decision arises on a motion and an amended motion of the appellee to dismiss the ap-

peal for the reason that the appellant has satisfied the judgment. In view especially of appellant's contention that notwithstanding he may have satisfied the judgment, nevertheless he may prosecute his appeal from an order and judgment of the trial court sustaining a demurrer to his cross petition, it is necessary to review the record. In our review of the pleadings filed in the district court of Marion county and the judgment appealed from, we shall eliminate so far as may be done, all matters not necessary to our decision.

It was alleged in the petition that on June 14, 1943, in the United States District Court for Oklahoma, the Associated Indemnity Corporation recovered a judgment for $8,027.65 and interest and costs against H. A. Edmonston, and that the same remained unpaid; that on September 20, 1943, that corporation assigned the judgment to Joe A. Frates, Jr., and thereafter on April 10, 1945, Frates assigned the judgment to Sisk, plaintiff in the present action; that although requested to do so, Edmonston had not paid the judgment or any part and there was due from Edmonston to Sisk the sum of $8,027.65 and interests and costs, and judgment was prayed therefor. Matters concerning attachment of personal property of Edmonston in Marion and Butler counties need not be detailed.

Edmonston's third amended answer and cross petition, on which the cause was finally submitted, is long and detailed and must be summarized.

. In his answer, defendant denied all allegations except as were admitted to be true, and admitted that judgment had been secured against him in the United States District Court for Oklahoma. He further alleged that Sisk had furnished certain bonds for him to guarantee his contract with Illinois Natural Gas Company for construction of certain pipe lines; that Sisk sued him in the Oklahoma court pursuant to an oral contract later mentioned; that in performance of his contract with Illinois Natural Gas Company difficulties arose respecting final payment and he brought suit against that company in the Circuit Court of Peoria County, Illinois, to obtain judgment for sums allegedly due him; that while the last mentioned suit was pending Sisk approached him and advised him that he desired to sue him for $8,057, being the amount due for premiums on the bonds arising out of his contract with Illinois Natural Gas Company; that at that time the exact amount due for premiums was uncertain as the bonds were to secure workmen's compensation and depended on pay rolls and was subject to final audit, and de-

fendant did not know and could not ascertain the amount due without a final audit; that for purposes known to him, Sisk desired to have the judgment against defendant become a matter of record at an early date and proposed to defendant that he forego final audit and permit Sisk to take judgment on the unliquidated claim so that Sisk might have the benefits of the judgment in a final settlement arising out of the Illinois suit above mentioned, and it was then and there agreed between Sisk and the defendant that in consideration of the defendant's waiving the right to a final audit and to plead in the Oklahoma action, Sisk would take judgment in that action but would make no effort to collect the same in any manner until final termination of the Illinois action; that in full reliance on the agreement defendant did forego final audit and determination of the amount due for premiums and did permit Sisk to obtain the judgment; that Sisk was bound to await final determination of the Illinois action before proceeding to collect the judgment on which the instant suit was brought; that defendant, except for his agreement with Sisk, would not have allowed Sisk to obtain the judgment and would have defended the action; that defendant entered into the agreement with Sisk in good faith and upon Sisk's representation that he would not enforce or attempt to enforce the Oklahoma judgment until final determination of the Illinois action; that he relied upon Sisk's representations and did not defend the Oklahoma action, all to his prejudice and detriment, and Sisk was estopped, barred and precluded from now asserting that his oral contract with defendant was invalid or without effect. Defendant alleged the present suit was prematurely instituted in violation of the contract and shoud be dismissed, and the attachment, which had been levied, should be dissolved.

In his cross petition, Edmonston made part thereof all of the matters, allegations and things contained in his answer and alleged further that Sisk in violation of the oral contract filed the present action in Marion county, Kansas, and caused an attachment to be levied upon the property of defendant (contractor's equipment) in Marion and Butler counties, knowing that defendant had entered into a contract with Socony-Vacuum Oil Company for construction of a pipe line, and that by reason of the attachment defendant would be unable to carry out that contract and would sustain substantial damages; that defendant tried to induce Sisk to release the attachment and Sisk wrongfully refused to allow defendant to carry out

his contract with Socony-Vacuum Oil Company, although Sisk knew that defendant was able and willing to carry out that contract providing he could have the use of the attached equipment. Defendant further alleged that Sisk was not the sole owner of the judgment sued on, but that it was owned jointly with one J. A. Frates, Jr., who had never consented to the suit, and Sisk was without right, as a part owner of the judgment to institute attachment proceedings. Then follows an allegation that defendant is informed and believes that the judgment sued on belongs to Sisk and Frates and that they made an oral contract for the benefit of defendant whereby it was agreed that no action would be taken on the judgment by Sisk which would affect defendant in his performance of his contract in Marion county, and on this information and belief defendant alleges the present action was instituted and attachment obtained in direct violation of that contract, to defendant's damage as later set out. Then follow a series of allegations as to damages sustained by defendant by reason of the alleged wrongful attachment, and amounts thereof. Defendant prayed for judgments against Sisk totaling $79,525.

For present purposes we need note only that the cause came on for hearing on June 14, 1946, on Sisk's demurrer to defendant's answer and cross petition, and his motion for judgment on the pleadings. The trial court, after hearing argument, found the demurrer to the answer and cross petition should be sustained and defendant announced in open court that he elected to stand on his pleadings and did not desire to plead further. The court further found that plaintiff's motion for judgment on the pleadings should be allowed, and that the attachment should be sustained. In accordance with its findings the court rendered judgment for plaintiff Sisk against defendant Edmonston for $9,870.47 and interest and costs, and ordered that the attached property be sold and the proceeds arising from the sale applied to the payment of taxes, costs and plaintiff's judgment, any amount remaining to be paid according to the further orders of the court.

Following rendition of the judgment there were sheriff's sales of the attached property in both Marion and Butler counties, details of which need not be set forth.

Under date of August 12, 1946, the defendant perfected his appeal from the judgment of June 14, 1946, the appeal being lodged in this court on August 15, 1946.

Thereafter, and on September 3, 1946, defendant filed in the office of the clerk of the trial court, a document reciting that judgment had been rendered against him on June 14, 1946, and that on June 18, 1946, the sheriff of Marion county had sold certain personal property of the defendant for the sum of $7,530, which sum was deposited with the clerk, and that Joe A. Frates, because of his interest as a creditor and pursuant to his agreement with the plaintiff, with the consent of the defendant, had paid to the clerk of the district court the sum of $4,400 to be applied toward payment and satisfaction of the judgment, and the defendant agreed that the moneys from the sale, and the moneys deposited by Frates should be applied in satisfaction of the judgment, interest and costs, and that defendant had no objection to such payment,

". . . for the reason that it is represented that upon such payment, plaintiff will release assets of the undersigned, now impounded, which will minimize and reduce the undersigned's loss and damage.

"Dated at Tulsa, Oklahoma, this 19 day of August, 1946.

"H. A. EDMONSTON,
Defendant;
"PAUL PINSON,
His Attorney.

"The terms of the above Consent are hereby agreed and consented to by the undersigned.

"F. A. BODOVITZ,
Attorney for Joe A. Frates."

It may be noted that on September 3, 1946, the trial court heard motions to confirm the sheriff's sale held in Butler county, Kansas, on July 10, 1946, and objections thereto, and found the sale price was grossly inadequate, also that it appeared that assets of the defendant had theretofore been sold by the sheriff of Marion county and the proceeds were in the hands of the sheriff and that a sufficient sum had been paid the clerk by Frates for the satisfaction of the judgment with consent of the defendant and further that defendant and Frates announced in open court they were without objections and consented to such application, and further that upon such payment the attachment heretofore issued should be discharged. It made its order and judgment holding for naught the sale of July 10, 1946, in Butler county, and ordering the sheriff to repay the purchaser at that sale, ordered payment to the plaintiff of the judgment *and costs* from the proceeds of the sale by the sheriff of Marion county and the moneys paid to the clerk by J. A. Frates, and that upon payment of

the *judgment and costs* the attachment issued to the sheriff of Butler county be discharged.

Commencing October 28, 1946, there have been filed in this court a series of motions by the appellant for additional time to file abstracts or for a continuance, and by the appellee that the appeal be dismissed for the reason that appellant had satisfied the judgment against him, with objections to each by the adverse party. The matter eventually came on for argument on the motion to dismiss, and in addition to oral presentation, each party has filed extensive briefs, which will be noted insofar as the same is necessary to a decision.

In a preliminary way it may be noted that attached to the motion to dismiss are sworn statements showing payment of $9,913.24 on the money judgment and satisfaction of the judgment, and payment of the costs of $368.50, which is a proper practice in the circumstances (*Paul v. Western Distributing Co.*, 142 Kan. 816, 52 P. 2d 379). Further than that, the appellant does not deny that the judgment was satisfied in the manner indicated by his consent and by the order of the trial court of September 3, 1946. There is therefore no question that the judgment has not been satisfied.

It may also be observed that there is no question between the parties but that the general rule is that a judgment debtor, who satisfies a judgment against him, may not appeal therefrom. In view of the situation disclosed, we examine appellant's reasons why the appellee's motion to dismiss the appeal should not be sustained.

Although the matters are not entirely separable, as will be discussed later, appellant, in his brief, presents an argument which is divisible into two main heads. Appellant states that notwithstanding his general denial, at no time during the trial did he deny liability on the judgment rendered in the United States District Court of Oklahoma, but that he did set forth in his cross petition Sisk's agreement not to start proceedings on that judgment; that the attachment levied on his property was an act he could not prevent as he was unable to give bond to discharge the attachment; that he could not prevent the sale of the attached property nor after judgment was he able to give a supersedeas bond; that in view of the allegations of his cross petition charging appellee with wrongdoing to his damage, it became his duty to do whatever he could to mitigate those damages and therefore he did not consent to the judgment in such manner as to waive or forego any right to prosecute his appeal.

Appellant also contends that none of the above matters affect his right to be heard on the ruling and judgment sustaining appellee's demurrer to his cross petition; that the cause of action stated in the cross petition, alleging breach of contract and resultant damages, is an independent action, and that satisfaction of the judgment has nothing to do with the disposition made of that cause of action. Most of his argument centers around this last contention.

In support of his first proposition, appellant cites no authorities: We think there is no need to dwell separately upon it. It is clear that whether appellant could or could not give bond to discharge the attachment levied on his property, or whether after judgment rendered he could or could not give a supersedeas bond, he did satisfy the judgment and the costs.

It has been repeatedly held that anything that savors of acquiescence in a judgment cuts off the right to appellate review and that payment of costs by an appellant falls in that category. (See e. g., *Anderson v. Carder*, 159 Kan. 1, 5, 150 P. 2d 754, and *Round v. Power Co.*, 92 Kan. 894, 142 Pac. 292, and cases cited. See, also, *Miltimore v. City of Augusta*, 140 Kan. 520, 527, 38 P. 2d 675, and cases cited as bearing on the question.)

In support of his second proposition that he is entitled to be heard on the ruling on the demurrer to his cross petition, notwithstanding the judgment has been satisfied for the asserted reason it is an independent cause of action and unrelated to the judgment, appellant relies principally upon four of our decisions, namely *Amos v. Loan Ass'n.*, 21 Kan. 474; *Wollard v. Peterson*, 145 Kan. 631, 66 P. 2d 375; *Dickey Oil Co. v. Wakefield*, 153 Kan. 489, 111 P. 2d 1113; and *Moore v. Smith*, 160 Kan. 167, 160 P. 2d 675. We note these cases only briefly.

In the Amos case, *supra*, this court held only that where a plaintiff dismissed his action without prejudice to a future action, a defendant who had filed an answer amounting to a counterclaim had a right to the trial of his claim regardless of the dismissal. The case is in no sense decisive of the question before us.

In the Wollard case, *supra*, it was held that where a judgment against a defendant consisted of two or more distinct parts, acquiescence in and payment of one of those separate parts, *except costs*, will not ordinarily constitute an estoppel or waiver of the defendant to appeal as to the other separate part.

The Dickey Oil Company case and the Moore case, *supra*, deal

with the question of a judgment being moot, but are not closely analogous to our present question.

The analysis heretofore made of appellant's answer and cross petition shows that as an answer to the petition appellant alleged a contract, the violation of which was urged as a defense to the action being maintained at the time, and by express inclusion as a part of the cross petition was the identical contract, the violation of which was alleged a ground for damages. Appellee's motion for judgment on the pleadings covered all, not a part of the pleadings, and his demurrer alleged that the answer did not state facts sufficient to constitute a defense and the cross petition did not state facts sufficient to constitute a cause of action. The trial court sustained both the motion for judgment and the demurrer, and rendered the judgment subsequently paid. At the moment we are not concerned with whether either or both rulings were correct—for correct or not, appellant paid the judgment, including the costs, and the costs covered all matters.

Can it be said there may be a separation, or that the judgment rendered on the Oklahoma judgment had nothing to do with the contract not to maintain an action on it until certain things had occurred? Can it be said the alleged oral contract could be adjudicated adversely to the appellant as a defense to the cause of action alleged in the petition but retain its vitality for the purposes of appellant's cross petition? We think not. The ruling on the motion for judgment on the pleadings and the demurrer to the answer, as distinguished from the demurrer to the cross petition, adjudicated the merits of the alleged oral contract between appellant and appellee, and when appellant satisfied the judgment and costs, he acquiesced in that ruling, and he may not again litigate the matter. See *Lyon v. Harrison*, 127 Kan. 318, 273 Pac. 429, and *Shelley v. Sentinel Life Ins. Co.*, 146 Kan. 227, 69 P. 2d 737, and cases cited. Both answer and cross petition were objects of attack by the appellee, and both were adjudicated, resulting in the judgment for money and costs. Those costs covered the matter of the demurrer to the cross petition as well as the demurrer to the answer. When appellant paid the costs he acquiesced in the whole judgment, and the Wollard case, *supra*, on which he relies, does not support his position.

Appellee's motion to dismiss the appeal should be and the same is allowed. The appeal is dismissed.

Hoch, J., not participating.