No. 36,974

OTHEL NEWSOME, *Appellant*, v. E. O. ANDERSON, as Executor, etc., et al., *Appellees.*

(187 P. 2d 495)

Opinion filed December 6, 1947.

*C. W. Slifer,* of St. John, and *Robert Lee Brokenburr,* of Indianapolis, Ind., were on the briefs for the appellant.

*Herbert Diets, Boyce P. Hardman,* both of Great Bend, and *William Davison,* of St. John, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was a proceeding in the probate court by Othel Newsome, a grandson of George W. Walker, deceased, to revoke a former order probating decedent's will. The proceeding was dis-

missed in that court and an appeal to the district court was likewise dismissed on motion of the same parties, the executor and two heirs of the decedent. The grandson appeals to this court from the judgment of the district court.

Appellant received nothing under the terms of his grandfather's will. Had the will been set aside he would have received a ⅓₃ interest in the estate. The will had been probated previously while appellant was in the military service. He was not represented in the probate court at the original hearing. An affidavit had been filed stating that none of the heirs at law was in the military service. The probate of the will had been contested by Edward Walker, a son of the decedent. In that case after Edward Walker had perfected his appeal to the district court it was called to the attention of the district court that this grandson, Othel Newsome, was in the military service. Upon such information the court appointed an attorney for Othel Newsome, who represented him in the district court. The order of probate was affirmed and Edward Walker, the contestant in that case, appealed to this court, where the judgment upholding the will was affirmed November 10, 1945. (*In re Estate of Walker*, 160 Kan. 461, 163 P. 2d 359.)

Appellant in the instant case was honorably discharged from the military service January 18, 1946. On October 2, 1946, he commenced the instant proceeding seeking to annul the former order of probate. On October 15, 1946, he filed his claim in that court for a distributive share of decedent's estate. The grounds upon which he sought to set aside the former order of probate were the same as those previously alleged by the contestant, Edward Walker, and by appellant's attorney in the district court, to wit: That the testator was mentally incompetent to make a will and that he was under undue influence at the time of the purported execution of the will. In the pleading filed by appellant in the instant proceeding in the probate court he alleged that he had not authorized anyone to act in his behalf while he was in the service. The foregoing facts were all set forth in appellant's pleading filed in the probate court on October 2, 1946, denominated "Complaint to contest will."

The grounds of appellees' motion to dismiss the proceeding commenced in the probate court, in substance, were: (1) The probate court lacked jurisdiction of the subject matter; (2) the purported cause of action was *res judicata*; (3) complainant had failed to comply with the provisions of the Soldiers' and Sailors' Civil Relief Act

of 1940, as amended, and that his rights thereunder had lapsed; (4) complainant failed to, state a cause of action; (5) he had failed to procure permission of the court to file the pleading; (6) no facts were set forth showing complainant was prejudiced by reason of his absence in the military service; (7) he had failed to show any meritorious or legal defense to the former judgments of the probate, district and supreme court; (8) he had no legal capacity to sue.

As previously stated, that motion was sustained by the probate court. The ground of appellees' motion in the district court to dismiss the appeal was that appellant had acquiesced in the judgment of dismissal in the probate court by paying the costs assessed and taxed against him in this proceeding.

Appellant filed an answer to the motion filed by appellees in the district court in which answer appellant, in substance, alleged: He was not in the probate court when the costs were paid; he did not pay the costs and had not authorized their payment; if they were paid it was without his knowledge or consent and he had not ratified the payment thereof.

The district court heard the evidence of the parties and found appellant had acquiesced in the judgment of the probate court and dismissed the appeal. It also affirmed the judgment of the probate court.

If the first above-mentioned order and judgment of the district court was correct, we, of course, do not reach the second. We therefore turn to the finding and the judgment dismissing the appeal to the district court. Was there substantial competent evidence to support that finding and judgment?

The persons present at the probate court hearing when the court costs of this proceeding were paid were the probate judge, the executor of decedent's estate, one of the attorneys for appellees, C. W. Slifer, local counsel for appellant, and Edward Walker, a son of the decedent, not a party to the instant proceeding but the opponent of the will in the former action, *In re Estate of Walker*, supra.

The probate court had experienced difficulty in collecting the costs in the former case. Othel Newsome lived at Evansville, Ind. When the instant proceeding was filed on behalf of Newsome no deposit for costs was made and the probate judge informed local counsel for appellant that a cash deposit or bond should be made to cover the costs. He repeatedly reminded local counsel that neither had been done and requested that it be done. Appellant's local counsel, in

substance, testified: He did not willingly pay the costs at the close of the hearing but did so under pressure of the repeated requests of the probate judge; he stated, "Why, of course, we paid the costs finally"; that so far as he knew Othel Newsome did not pay them and he was not instructed by Newsome to pay them.

Edward Walker, in substance, testified: Mr. Slifer had written him a letter in which he requested his presence at the hearing; he did not have the letter with him; when he arrived at the hearing Mr. Slifer advised him he wanted him to pay the court costs and that he did so; he had received no money from Newsome to pay them and had not heard from Newsome concerning the case.

The executor testified that at the conclusion of the hearing Mr. Slifer said he "wanted to pay the costs now."

The probate judge testified his recollection of the matter was that Mr. Slifer said, "Well, Mr. Walker will pay the costs now" . . . and . . . "We are ready to pay the costs now."

The following receipt was issued:

"Probate Court, Stafford County, Kansas, St. John, Kansas. 10-28-46, Received of Othel Newsome, by E. Walker, George W. Walker, deceased, $28.35, previous charges. L. L. Carleton, Probate Judge, Case No. D-319."

There was no objection to the introduction of the receipt.

Othel Newsome, in substance, testified: He lived at Evansville, Ind.; he did not know until the day before the hearing in the district court that the costs had been paid; he had sent no money to pay them and had not requested Eddie Walker to pay them; he had objected to the payment after he learned of it.

A trial court cannot arbitrarily or capriciously refuse to consider the testimony of any witness, but it is not obliged to accept and give effect to evidence which, in its honest opinion, is unreliable, even though such evidence is uncontradicted. (*In re Estate of Johnson,* 155 Kan. 437, 125 P. 2d 352; *Bradley v. Amrine,* 157 Kan. 451, 456, 141 P. 2d 380; and cases therein cited.)

No deposits for costs had been made. Appellant was a nonresident. The action of the probate court at the commencement of the proceeding in requiring a cash deposit or other security for the costs was entirely proper. The court would have been derelict in its duty had it failed to require proper provision for the payment thereof.

This proceeding was commenced October 2, 1946. The costs were paid on October 28, 1946. The probate court may have believed Edward Walker would not have paid the costs without some sort

of understanding between himself and appellant, or with appellant's counsel in Indiana. The latter counsel was present at the hearing in the district court but did not testify. Irrespective, however, of what portion of the evidence the district court may have believed or disbelieved the fact remains appellant was obliged to make provision for the payment of costs. On his behalf his local counsel made the arrangements for their payment and they were paid. There was testimony of various witnesses that at the conclusion of the hearing appellant's local counsel stated he "wanted to pay the costs now" . . . "We are ready to pay the costs now" . . . and . . . "Mr. Walker will pay the costs now."

Whatever the rule may be elsewhere it is well settled law in this jurisdiction that whatever savors of acquiescence in a judgment cuts off the right of appellate review, and that payment of costs by a defeated party falls in that category. (*Round v. Power Co.*, 92 Kan. 894, 142 Pac. 292; *Paulsen v. McCormack*, 133 Kan. 523, 1 P. 2d 259; *Anderson v. Carder*, 159 Kan. 1, 150 P. 2d 754; *Sisk v. Edmonston*, 163 Kan. 394, 182 P. 2d 891; and cases therein cited.) The reasons for the rule which denies the right to appellate review after acquiescence in a judgment are fully treated in our former cases and need not be restated here.

In this state there is no need of acquiescing in a judgment by the payment of court costs. We again emphasize the statement frequently quoted from *Paulsen v. McCormack*, supra, as follows:

"Moreover, it is so very easy in this state to procure a stay of execution, supersedeas, or the like, which would halt an execution for costs, that we are constrained to believe that in those jurisdictions which hold that satisfaction of a judgment for costs does not constitute such an acquiescence in the judgment as to preclude an appeal the facility with which a stay of execution can be obtained in this state does not exist." (p. 527.)

Appellant contends he did not authorize his local attorney to pay the costs and is not bound by his act. Before treating that subject it may be well to observe appellant has not repudiated his local counsel by reason of the alleged unauthorized act. That is clearly shown by the fact such counsel now represents appellant in the instant appeal. His confidence in the integrity of his local counsel does not appear to have been shaken.

The presumption ordinarily is that an attorney of record represents his client and that his acts are the acts of his client. It was early held in *Cronkhite v. Evans, Etc., Co.*, 6 Kan. App. 173:

"The acts of a regularly employed attorney of record for the plaintiff, in an action pending in the courts of this State, within the apparent scope of his authority, are in law the acts of the plaintiff, unless the parties with whom he deals have notice, or the files of the case show, that his authority has been revoked." (Syl. ¶ 1.)

There was no evidence the authority of appellant's local attorney had been revoked when the costs were paid.

Appellant argues he did not personally employ local counsel. He does not contend his attorney in Indiana was not authorized to employ him and, as stated, the same local counsel is now assisting in the instant appeal. In the Cronkhite case, *supra*, we quoted with approval from the opinion of our sister state in *Gehrke v. Jod*, 59 Mo. 522, as follows:

"The attorney is the agent of the party employing him, and in the court stands in his stead, and any act of the attorney must necessarily be considered as the act of the client. . . . A different principle would lead to endless confusion and difficulty in the administration of justice." (p. 523.)

In *Swisher v. McMain*, 153 Kan. 401, 110 P. 2d 765, it was stated:

"The law is entirely clear that on principle and on precedent a client is bound by the acts and conduct of his attorneys except where he takes timely steps to repudiate them by showing their want of authority to act in his behalf. In our early case of *Esley v. People of Illinois*, 23 Kan. 510, it was held: 'Where an attorney at law makes an appearance in a court to prosecute or defend a party, it will be presumed, in the absence of anything to the contrary, that he has full right, power and authority to make such appearance. (Syl. ¶ 3.)' " (p. 409.)

In the Swisher case, *supra*, this court adopted a statement of the rule from the opinion in *Hale v. Wheeler*, 264 Mass. 592, 163 N. E. 178, 179, as follows:

"It is manfest that no tribunal, where parties appear by attorney at law, could proceed safely or conveniently under any practice which permitted the party to disavow what has been done in his behalf in open court. The attorney may be liable to his client if he has acted to his prejudice without authority; but the orders of the court and the rights of the other parties cannot be affected. (p. 593.)" (p. 410.)

In the Swisher case we further stated:

"It may be remarked that if the rule just stated were ignored there would seldom be any assurance of finality in litigation. All the losing litigant would need to do would be to change attorneys, repudiate what they had done in his behalf, shift his ground of action or defense and continue to vex his adversary with further litigation." (p. 410.)

In *Overlander v. Overlander,* 129 Kan. 709, 284 Pac. 614, the court stated:

"When a party appears in an action by his attorney who conducts proceedings in his behalf, his authority to act in behalf of his client is presumed, in the absence of any showing to the contrary, and his acts bind his client. (*Lamme v. Schilling,* 25 Kan. 92; *Kerr v. Reece,* 27 Kan. 469; *O'Flanagan v. Case,* 41 Kan. 183, 21 Pac. 96.) If the acts of his attorney in the taking of the order were unauthorized, then does it not seem ridiculous that Charles L. Overlander would now have the same attorney appearing for him in this action?" (p. 712.)

To the same effect, also, is *Swisher v. McMain,* supra, p. 409.

Nor can it be said appellant's counsel paid the costs involuntarily as a result of coercion merely by reason of the probate court's insistence that proper provision be made for payment of the costs. There was no impending levy upon appellant's property, no execution had been issued and, in contemplation of law, there was no coercion. The conduct of the probate court constituted only a performance of its duty and the payment of the costs was not involuntary. (*Round v. Power Co.,* supra; *Paulsen v. McCormack,* supra; *Paul v. Western Distributing Co.,* 142 Kan. 816, 828, 52 P. 2d 379.)

We have carefully reviewed the cases relied upon by counsel for appellant. They deal with the authority of attorneys under entirely different circumstances and do not control the instant case.

The motion to dismiss the appeal was properly sustained by the district court. In so concluding we have not deprived ourselves of an examination of the record and judgment of the district court affirming the dismissal of the proceedings in the probate court. Having determined the appeal to the district court was properly dismissed it obviously would not be proper to treat contentions involving the merits of the judgment of the probate court. We may, however, state the impression we gather from the record is that there probably was no miscarriage of justice.

The judgment of the district court dismissing the appeal is affirmed.