No. 46,026

Mrs. Merritt M. Barnes, *et al., Appellees,* v. Ira Carroll, Royal P. Kennedy, and Mr. and Mrs. Walter Scott, *Appellants.*

(485 P. 2d 1293)

Opinion filed June 12, 1971.

*Philip L. Bowman,* of Adams, Jones, Robinson and Manka, Wichita, argued the cause, and *Floyd E. Jensen,* of Wichita, was with him on the brief for the appellant.

*Kenneth F. Beck,* of Wichita, argued the cause, and *Lloyd M. Kagey,* of Wichita, was with him on the brief for the appellees.

The opinion of the court was delivered by

O'Connor, J.: This is an injunction action directed against violations of certain restrictive covenants pertaining to Highland Acres Addition in Sedgwick county.

Although the petition named fourteen defendant property owners in the subdivision, service was obtained on only ten of them. After a trial on the issues, the district court granted injunctive relief effective November 21, 1969, and this appeal by defendants Kennedy, Carroll and Scotts followed.

The primary question submitted to and determined by the lower court was whether appellants' use of mobile homes as residences on their properties violated the restrictive covenants applicable to the subdivision. The court found such use was prohibited. With respect to appellant Kennedy, the court ordered that the unoccupied trailer house, car body, and junk located on his property be

removed within thirty days, and within such time he should comply with all other restrictions. Appellants Carroll and Scotts were ordered to remove the "temporary structures" (erected with mobile homes as the basic unit) located on their properties on or before April 1, 1970. The court also directed that other conditions on properties owned by Carroll and Scotts which were not in compliance with the restrictions were to be rectified on or before the April 1 date.

After filing the notice of appeal, appellants requested a stay of any proceedings to enforce the judgment. On April 2, 1970, a stay order was granted by this court and appellants filed their supersedeas bond in the amount of $1,000.

At the outset, we are confronted with appellees' motion to dismiss the appeal, which, if sustained, will render discussion of the merits of the case unnecessary. The motion, with supporting affidavits, filed February 18, 1971, states the house trailers which had been located on appellants' lots have been removed and replaced with houses that conform with the restrictions, and appellants are no longer in violation of the district court's injunction. At oral argument, appellees' counsel reaffirmed the allegations of the motion and further stated that appellants have fully complied with the judgment of the district court; that appellees are satisfied with conditions as they now exist; and that the appeal should be dismissed. Appellants do not deny they have removed the house trailers as ordered by the lower court.

We have concluded that appellees' point is well taken and the appeal must be dismissed. It has long been the rule in this jurisdiction that anything which savors of acquiescence in a judgment cuts off the right of appeal. (See, *e. g.*, *Curry v. Perney,* 194 Kan. 722, 402 P. 2d 316; *Rose v. Helstrom,* 177 Kan. 209, 277 P. 2d 633; *Hawkins v. Wilson,* 174 Kan. 602, 257 P. 2d 1110; *Newsome v. Anderson,* 164 Kan. 132, 187 P. 2d 495; *Sisk v. Edmonston,* 163 Kan. 394, 182 P. 2d 891; *Paulsen v. McCormack,* 133 Kan. 523, 1 P. 2d 259.) Stated another way, a judgment which is acquiesced in, in whole or in part, is not open to appellate review. (*Warner v. City of Independence,* 121 Kan. 551, 247 Pac. 871; *Bank v. Bracey,* 112 Kan. 677, 212 Pac. 675.) The question of acquiescence in an injunction action was considered by this court in *Warner,* where the district court had enjoined the defendant city from proceeding under a contract to pave a street. A succinct statement of the holding is found in Syllabus 1 of the opinion:

"In an action brought under authority of section 265 of the civil code (R. S. 60-1121) by taxpayers claiming to be peculiarly affected by an alleged unlawful letting of a contract to pave a street and public road, where the work was enjoined, and the defendant public officials concerned therewith so far acquiesced in the judgment as to rescind and set aside so much of their proceedings as were held to be invalid and proceeded to let another contract for the improvement of the street and road, all questions touching the correctness of the judgment thus acquiesced in are moot and the appeal must be dismissed" (p. 551.)

In the instant case, appellants sought and obtained a stay of proceedings pending appeal. (K. S. A. 60-262 [c], [d], [f], and 60-2103 [d].) Pursuant to this court's order, they filed a supersedeas bond conditioned upon their abiding the judgment, if affirmed, and paying the costs. The stay order gave them full protection from enforcement of the judgment until the matter could be determined on appeal. Notwithstanding that their ostensible purpose was to maintain the status quo, appellants took affirmative action whereby they recognized the validity of the injunction order against them and substantially complied with its terms. Under the authorities cited they have effectively waived their right to have the propriety of the district court's judgment reviewed by an appellant court.

The appeal is dismissed.