No. 47,976

In the Matter of the Estate of Homer V. Moore, Deceased. (IVAN
H. MOORE, *Appellant,* v. WAYNE LOUGHRIDGE, ADMINISTRATOR,
*Appellee.*

(549 P. 2d 981)

Opinion filed May 8, 1976.

*Monte K. Heasty,* of Quinlan, Scovel, Emert & Heasty, of Independence,
argued the cause, and *Paul Lamb,* of Coffeyville, was with him on the brief
for the appellant.

*Willis H. McQueary,* of Osawatomie, argued the cause and was on the brief
for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from the district court's dismissal of
an appeal from an order of the probate court allowing fees for the
services of the administrator and his attorney on final settlement
in the probate proceedings of the estate of Homer V. Moore, de-
ceased, who died intestate on February 13, 1973, leaving as his only
heirs two brothers, Loren Alton Moore and Ivan H. Moore, the
appellant herein.

The only issue on appeal is whether there was acquiescence by
appellant, Ivan, in the probate court's decree of final settlement,
thereby precluding the appeal which was dismissed on that ground
by the district court.

The issues involved in the appeal from the probate court's order
involved a claim of conflict of interest and the reasonableness of
the fees allowed. Since the controlling issue in the appeal to this
court is the question of acquiescence, it would serve no useful pur-
pose to relate in detail the tortuous path of the probate proceedings
resulting from what appears from the record to have been intense
hostility between the two brothers. Therefore, the background
facts will be highly summarized.

The morning following decedent's death, Loren hired attorneys

Bert Woods and Wayne Loughridge to prepare and file a petition for his appointment as administrator of Homer's estate. The petition was prepared, filed, appropriate notice given, and the matter was set for hearing in the probate court on March 13, 1973. Mr. Woods and Mr. Loughridge officed together, but were not partners.

In the meantime, Ivan retained Mr. Willis McQueary to represent him in case the parties could not agree as to whom should be appointed administrator. A meeting between the brothers and their attorneys was arranged and held. During the meeting it became readily apparent that the parties could not reach an agreement as to who should be appointed administrator of the estate. Thereafter, at Ivan's request, his attorney, Mr. McQeary, prepared and filed written defenses to Loren's petition for appointment. Both brothers appeared with counsel at the hearing on Loren's petition. Witnesses were called and evidence presented. At some point during the hearing the probate judge announced a recess and suggested to the parties that they should confer about the matter and try to reach an agreement.

During the recess the two brothers and their attorneys met in a room adjacent to the probate court to discuss the situation. After considerable discussion it was finally suggested that attorney Loughridge be appointed administrator, to which Ivan agreed provided his attorney, Mr. McQueary, could serve as attorney for the administrator which, as Ivan said "would give him a voice in the matter." This arrangement was agreed to by all parties and the discussion was concluded. The parties returned to the courtroom and announced to the probate judge that they had agreed on the appointment of Mr. Loughridge. Thereupon, the court appointed Mr. Loughridge as administrator and he proceeded to qualify.

Ivan soon became disenchanted with the arrangement and told Mr. McQueary that he wanted Mr. Loughridge removed as administrator. Mr. McQueary told Ivan that he would have to get another attorney because he, McQueary, had agreed to represent the administrator. Ivan retained other counsel and appealed the appointment of Loughridge to the district court. In the meantime, Ivan wrote a letter to McQueary discharging him as his attorney and requesting that he send Ivan a bill for his services. Mr. McQueary never billed Ivan and the record indicates that whatever bill for services McQueary had against Ivan would be included in McQueary's charges against the estate.

Ivan's appeal from the order appointing Loughridge was tried in the district court on May 4, 1973. Mr. McQueary appeared as attorney for Loughridge—administrator—and attorneys Gwinn Shell and Lew Henry appeared for Ivan. The order of the probate court appointing Loughridge was affirmed by the district court. Thereafter Ivan, represented by new counsel, filed a motion for a new trial which was heard and overruled. The record reveals that the next proceeding initiated by Ivan was a petition for the reappraisal of decedent's land. Ivan was successful in this matter and a reappraisal was ordered which resulted in a decrease of approximately $10,000.00 in the value of the real estate. The final appraisal discloses the estate to consist of real property of the value of $177,000.00 and personal property of the value of $173,359.82 or a total of $350,359.82.

The administration of the estate proceeded and Mr. Loughridge filed his petition for final settlement, praying that his accounting be approved, distribution of assets be made, and for allowance of reasonable fees for services of the administrator and his attorney. A hearing on the petition for final settlement was held on May 28, 1974. Neither Ivan nor his then attorney Mr. Paul Lamb appeared at the hearing, although both had received due notice. After the decree of final settlement was filed Loren filed a petition in district court for a partition of the land inherited by him and his brother Ivan from the decedent, Homer. Ivan answered in the partition suit praying that partition be denied asserting that the real estate was not at the time subject to partition.

On June 26, 1974, Ivan timely filed in the probate court his notice of appeal from the decree of final settlement rendered on May 28, 1974.

On July 25, 1974, Ivan filed an amended answer in the partition action in which he changed his position, admitted that the land was subject to partition and prayed that partition be had. Ivan's change of position in the partition action was one of the grounds relied upon by the district court in dismissing Ivan's appeal from the decree of final settlement. The district court's reliance upon Ivan's final consent to partition as a ground constituting acquiescence is challenged by Ivan in his appeal to this court because it was not alleged by the administrator in his motion for dismissal or urged on argument to the court. In his brief on appeal Ivan says it was improper for the district court to go beyond the contentions of the administrator and reach out to Ivan's participation in the partition action. While, for reasons hereafter stated, the district

court's reliance on the partition action was misplaced, Ivan's contention concerning judicial notice is without merit. (See K. S. A. 60-409; and Gard, Kansas Code of Civil Procedure, Annotated, § 60-409, author's commentary, p. 376.)

As a result of a conference in the district court on December 6, 1974, Ivan filed on December 19, 1974, written objections to the decree of final settlement entered by the probate court on May 28, 1974. Ivan objected to the fees allowed the administrator and his attorney, Mr. McQueary, as being excessive and unreasonable. Ivan also asserted that Mr. McQueary was not entitled to any attorney fee, chargeable to the estate, because of an alleged conflict of interest due to the fact that he and the administrator had taken adverse positions and Mr. McQueary had previously been Ivan's attorney. Ivan also asserted that the administrator should be surcharged in his accounting for failure to insure some property during the administration of the estate. As best we can ascertain from the record the surcharge claim was not urged before the district court.

Prior to the filing of Ivan's objections to the decree of final settlement, Mr. Loughridge, the administrator, filed, on November 11, 1974, a motion in district court to dismiss Ivan's appeal. In his motion, the administrator alleged that Ivan had acquiesced in the decree of final settlement by accepting the benefit of a portion of the decree by accepting seven shares of stock in the Victory Life Insurance Company and, further, accepted payment from Loren for one-half the market value of one share of such stock. In support of his motion to dismiss the administrator filed an affidavit setting out the transaction relating to the Victory Life Insurance Company stock. In his affidavit, the administrator stated that the probate court had found that fifteen shares of stock in the estate should be reissued, eight shares to Loren and seven to Ivan and that Loren should pay to Ivan one-half of the market value of one share. It was further stated that pursuant to the finding of the probate court a written agreement was entered into between Ivan and Loren to implement the order and that the stock was reissued and accepted by Ivan, together with the payment of one-half share by Loren.

On March 7, 1975, the district court filed a comprehensive memorandum decision on the administrator's motion to dismiss Ivan's appeal. In this memorandum the district court reviewed the probate proceedings and peripheral litigation chapter by chapter.

The court cited and discussed a number of our cases dealing with the dismissal of appeals on the ground of acquiescence at both the district court and supreme court levels. In summary, the court found that Ivan's acceptance of the Victory Life Insurance Company stock and his consent to partition constituted acquiescence in the decree of final settlement. The court concluded:

"The appellant's objections to the final order in the Probate Court are that the administrator's fee allowed, the fee allowed for the services of his attorney, and the combined total as allowed are each excessive; that the administrator's attorney, Mr. McQueary by reason of a conflict of interest should not be paid for his services or, in the alternative the appellant's interest should not have to bear any part thereof; and that the administrator should be surcharged for damages to property during administration. The last matter mentioned is contended in a half-hearted fashion only. At this juncture, this Court should neither pursue nor comment upon the fees allowed to the administrator and his attorney. The conflict of interest suggested arises by reason of Mr. McQueary's having become attorney for the administrator, with his client's agreement and apparent approval. The thrust is that once having represented the appellant he is precluded from defending the administrator against any claim, real or imaginary, suggested by his former client. The question raised is really a matter of ethics, i. e. should the attorney have declined to act in the first instance or cease to act when his client hired other counsel. The question arose for the first time in this appeal. It is not one of conflict of interest, but rather one of ethics. Further comment on the issue would serve no purpose at this time.

"The motion to dismiss the appeal should be sustained."

Even though the court sustained the motion to dismiss, we construe its order as also being a ruling on the conflict of interest question. We agree with the district court's treatment of the matter. The record discloses that Mr. McQueary accepted employment as attorney for the administrator as a result of an arrangement stemming from an agreement among all of the parties on March 13, 1973. Even though Ivan soon disavowed his agreement with the arrangement, there is nothing shown in the record to the effect that the agreement was not entered into in good faith and with full understanding by all parties. Even though Ivan took a position adverse to the administrator on several occasions during the course of administration, no accusation of conflict of interest was ever made until the final appeal to the district court. Mr. McQueary's representation of the administrator was never challenged or objected to at any of the prior proceedings.

The relationship of attorney and client is a sensitive one and an attorney should always guard against putting himself in a position where a conflict of interest may arise or even a position that might

give an appearance of conflicting interest. However, in this case the good faith agreement by all parties in the first instance, coupled with Ivan's silence while Mr. McQueary rendered services for the administrator for a period of almost two years, we believe supports his position and the trial court's finding on the matter. Concerning the subject we recently held in *In re Estate of Seeger*, 208 Kan. 151, 490 P. 2d 407:

"An attorney owes to his client fidelity, diligence and skill and an attorney cannot undertake the representation of conflicting interests or the discharge of inconsistent duties which may cause a breach of the trust due his client, however, with the consent of the client after a full disclosure, an attorney is not so restricted under the facts and circumstances related in the opinion." (Syl. ¶ 3.)

With regard to a party's consent which may be inferred from his silence concerning his former attorney's conduct, we further held in the *Seeger* case:

"Consent may arise from action, inaction or silence from which arises an inference that consent has been given, or it may exist where a person by his line of conduct has shown a disposition to permit another person to do a certain thing without raising an objection thereto." (Syl. ¶ 4.)

While changing clients, as in *Seeger* and in the case at bar, frequently leads to trouble and is not to be encouraged, we cannot say on the record herein, that Mr. McQueary's conduct was such that would compel a forfeiture of a reasonable fee for the services which he performed.

We turn next to the district court's dismissal of the appeal. We cannot agree that Ivan's conduct constituted acquiescence in the decree of final settlement, which would foreclose his appeal. As the district court observed in its memorandum the longstanding rule in this state is that anything which savors of acquiescence in a judgment cuts off the right of appeal. The rule has been restated in the recent cases of *Haberer v. Newman*, 219 Kan. 562, 549 P. 2d 975; *Seaman D'st. Teachers' Ass'n v. Board of Education*, 217 Kan. 233, 535 P. 2d 889; and *Barnes v. Carroll*, 207 Kan. 545, 485 P. 2d 1293.

An examination of our many cases dealing with the subject, however, reveals that restrictions have been imposed upon the scope of the term "acquiescence" and that exceptions to application of the rule have been recognized.

In this case the district court found acquiescence in Ivan's acceptance of the Victory Life Insurance Company stock and his consent to partition. There was no issue pertaining to either matter

on final settlement. In fact there was no issue concerning the distribution of assets; the only challenge to the final settlement decree was directed at the allowance of fees. Orders of the probate court in probate proceedings which are appealable to the district court are specifically designated in K. S. A. 1975 Supp. 59-2401. The right to appeal from an order of final distribution is set forth in item No. (11). The right to appeal from an allowance for expenses of administration, which includes fees for services of an administrator and his attorney is separately and specifically granted in No. (13) which reads:

"(13) An order directing an allowance, or refusing to direct an allowance, for the expenses of administration."

The allowance of fees was separate and distinct from the orders of distribution relating to the real property and the Victory Life Insurance Company stock. The situation fits an exception to the rule of acquiescence which has been recognized by this court. In *Wollard v. Peterson*, 145 Kan. 631, 66 P. 2d 375, a judgment was rendered in favor of an administrator *de bonis non* in an action against the administrator of an estate and his bondsman, a surety company, to recover assets of the estate. The judgment was for $3,516.64 with interest and attorney fees in the amount of $1,500.00. The principal sum of the judgment and interest for a certain period was paid. The surety company appealed to this court from the allowance of attorney fees and the interest charged for an additional ten-month period. The appeal was met by a motion to dismiss for acquiescence. In rejecting the claim of acquiescence, this court stated:

". . . of course Kansas has uniformly held that the acceptance of proceeds of litigation or the benefits derived from the judgment amounts to a waiver of any error in the whole trial, but the acceptance of benefits and the acquiescence in a part of the burden of a judgment are two very different things, and no Kansas authority has been pointed out as to such a rule applying to acquiescence in some of the distinct and separate burdens of the judgment and appealing as to others. The question is whether one is estopped from showing errors in a proceeding where he submits to a burden imposed by the court as to one or more separate and distinct features of the judgment and appeals from others.

"It is said in 2 Am. Jur. 978:

"'Another exception to the general rule has also been applied in the case of a decree consisting of two separate, distinct, and unrelated parts, the disposition of either of which can in no wise affect the decision as to the other.'" (P. 633.)

The above rule quoted in *Wollard* is restated in 4 Am. Jur. 2d, Appeal and Error, § 253, pp. 748-749.

For the reasons stated the judgment of the district court dismissing the appeal is reversed and the cause is remanded with directions to determine, on the merits, the reasonableness of the fees allowed by the probate court to the administrator and his attorney.

IT IS SO ORDERED.