No. 32,854

O. E. Sheets, *Appellant*, v. The Metropolitan Building Company, L. W. Mayberry, A. Klein et al., *Appellees*.

(58 P. 2d 93)

Opinion filed June 6, 1936.

*W. R. Glass, Innis D. Harris, Jr.,* and *W. J. Glass,* all of Wichita, for the appellant.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *Robert H. Nelson,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Thiele, J.: This appeal is from certain rulings on procedural matters resulting in orders and judgments releasing garnishees and setting aside a certain judgment. There is no dispute of fact.

The Metropolitan Building Company, hereafter called the corporation, owned real estate in Wichita, Kan. It executed a deed of trust to the Guarantee Title and Trust Company to secure an issue of 750 bonds aggregating $450,000, the bonds being payable to the bearer or to the registered holder. We need not notice the provisions of the deed of trust further than to note that in event of foreclosure proceedings the title to the choses in action evidenced by the bonds passed to the trustee. By order of the district court Standish Hall was appointed as successor in trust, and on November 23, 1932, the court appointed a designated person to collect the rents. On December 20, 1932, Hall resigned as trustee and the individual appellees were thereafter appointed as successors in trust. They will hereafter be referred to as the interveners. The above

statement is made to give light on the matters concerned in the present appeal.

On December 31, 1932, Sheets brought an action against the corporation, but not the successors in trust, in the city court of Wichita, alleging ownership of one of the above-mentioned bonds, and caused garnishment process to be served on certain tenants of the mortgaged real estate. On January 16, 1933, he obtained a default judgment against the corporation for $535.55, and on January 19, 1933, he caused a transcript of the judgment to be filed in the district court. It is not clear from the record whether new garnishments were issued, but on February 15, 1933, the district court ordered the garnishees to pay certain moneys to the clerk of that court. Some intervening motions and orders need not be noticed. On April 1, 1933, the interveners were permitted to intervene (interplead) and they filed a motion to set aside the garnishment, to release the garnishees, to enjoin Sheets from issuing further garnishments and to set aside the judgment of the city court. Complaint is made that the interveners did not pretend to represent the garnishees or the corporation in their motion to intervene. The court made an order allowing interveners relief as prayed for, but by the same order granted a rehearing, which was finally had and disposed of on June 24, 1933, when, after full hearing at which evidence was received, the court found the interveners were entitled to the rents seized by the garnishment proceedings, and it ordered that the judgment of the city court be set aside, the garnishment dissolved and Sheets enjoined from attempting by further process to seize the property of the corporation. It further ordered the clerk to withhold the moneys paid into his hands by the tenants of the corporation for thirty days and if Sheets should file a supersedeas bond of $50 pending appeal, to hold the same pending appeal. Other provisions need not be noticed. On September 28, 1933, Sheets appealed to this court from the above-mentioned order and judgment. This appeal was dismissed on January 31, 1934, for failure to comply with our rules.

On February 21, 1934, Sheets filed in the district court a motion to vacate its order of June 24, 1933, and on May 17, 1935, the motion was denied. On October 26, 1935, Sheets served notice of appeal from all the orders and rulings complained of in his first appeal, as well as those subsequently made. The interveners move the appeal be dismissed.

Sheets argues that the orders and judgments of the district court

are void, in that no appeal was ever taken from the judgment in his favor in the city court; that the filing of the transcript did not give that court jurisdiction of the city court action; that the district court had no power to permit the intervention, that all of such proceedings being void they can be attacked at any time.

Is appellant's contention correct? It may be conceded that the district court was without power to set aside the judgment of the city court and that feature will not be discussed. When that judgment was rendered, under the provisions of R. S. 60-3480, Sheets filed a transcript thereof in the district court. He then proceeded to have the district court order garnishees to pay money into that court. We need not decide whether under R. S. 60-3482, or any other provision of the code, he could prosecute garnishment proceedings in the district court. Suffice it to say he did so, and cannot now be heard to say that court was without jurisdiction. Either that order was within the power and jurisdiction of the district court or we have nothing before us. Under R. S. 60-421 and R. S. 60-953, the court properly permitted the interveners to interplead and set up their rights to the attached property. Its judgment determining the moneys belonged to the interveners was within its power, it was a final order, and Sheets so recognized it when he served his first notice of appeal. The fact the order setting aside the judgment of the city court may have been void did not alter the conclusiveness of the other judgments rendered. When that appeal was taken, the district court was without power to change or alter its order or judgment further than to make its record speak the truth if it did not do so. (*State v. Langmade,* 101 Kan. 814, 168 Pac. 847.) If Sheets wanted that final order and judgment reviewed it was incumbent on him to prosecute his appeal. He could not stand by and permit the appeal to be dismissed, and under the form and guise of a motion in the district court to set aside and vacate the final orders and judgment theretofore made, again bring in issue the question of whether they were right or wrong and thus extend his time to appeal. Were that to be permitted, by successive failures to prosecute appeals and successive motions to review, a final disposition of the matter could be indefinitely postponed.

The order and judgment of June 24, 1933, was final. The motion of February 21, 1934, to set aside and vacate and the ruling thereon denying the same on May 17, 1935, did not affect the time in which appeals must be taken. The present appeal comes too late and it is dismissed.