No. 34,285

MERRILL TARNSTROM, Successor Agent for the Shareholders of the First National Bank, Lindsborg, *Appellant,* v. SETH OLSON, J. P. ERICKSON and GUST ERICKSON (J. P. ERICKSON), *Appellees.*

(95 P. 2d 352)

Opinion filed November 10, 1939.

*E. W. Jernberg*, of Lindsborg, for the appellant.

*James A. Cassler, L. H. Ruppenthal* and *John K. Brandon*, all of McPherson, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This action was to revive three certain judgments. A demurrer to the motions to revive the judgments was sustained. The appeal is from an order overruling a motion for a new hearing on the demurrer.

On June 18, 1932, in a justice court in McPherson county, three separate judgments on three promissory notes were rendered in favor of Charles Lander, agent for the shareholders of the First National Bank, of Lindsborg, Kan., against the defendants, Seth Olson, J. P. Erickson and Gust Erickson.

On June 25, 1932, a transcript of the judgments was filed in the office of the clerk of the district court of McPherson county.

In the motion to revive, it is alleged:

"That shortly after said judgments had been transferred to the district court of McPherson county, execution was levied upon lands of the defendant J. P. Erickson. Said execution was never carried out, as J. P. Erickson, on October 5, 1932, paid to Charles Lander, agent for said shareholders, the sum of $234.50, as full and final settlement of his share of said judgments, and obtained a release from Charles Lander, agent for said shareholders, relieving him from all and further liability on said judgments.

"This action for revivor is brought in the name of Merrill Tarnstrom, successor agent for the shareholders of the First National Bank of Lindsborg, Kan., he having qualified as such by having been elected by the shareholders of said bank and approved by Hon. Richard Hopkins, U. S. district judge for Kansas, on April 26, 1938, as required by the U. S. code, act of June 30, 1876, as amended 1892, 1897; sec. 3."

On June 22, 1938, defendant J. P. Erickson filed a demurrer to the motions. On July 8, 1938, the court "refused to issue an order of revivor on any of said judgments." We construe this ruling as equivalent to an order sustaining the demurrer of defendants.

On July 11, 1938, the plaintiff filed "a motion for a new hearing on each of said judgments." On October 28, 1938, this motion was overruled. On November 14, 1938, notice of appeal was duly served and filed. The notice of appeal recites that the appeal is from the "decision rendered and made in the above-entitled action on the 28th day of October, 1938."

Our statute, G. S. 1937 Supp., 60-3309, provides that an appeal

shall be perfected within two months from the date of the judgment or order from which the appeal is taken.

Our statute, G. S. 1935, 60-3221, provides that if a judgment becomes dormant it may be revived in the same manner as is prescribed for reviving actions. Under section 60-3209 an order for revivor may be made on motion. Under section 60-3210, if the order is not made by consent, notice of the application for the order must be served on the adverse party in the same manner and returned within the same time as a summons. In the instant case the motion or application for the order to revive the judgment was challenged by a demurrer. The order of the court sustaining the demurrer, under section 60-3302, was an appealable order. As stated, that order was made on July 8, 1938. A motion for a rehearing on a ruling on a demurrer is not provided for in our code or recognized in practice. The time for an appeal cannot be extended by the filing of a motion not permitted by our code of procedure.

In *Sheets v. Metropolitan Building Co.*, 144 Kan. 55, 58 P. 2d 93, an appeal was made from a final order. The appeal was dismissed for failure to comply with the rule as to costs. More than six months thereafter a motion was made to vacate the previous order, and when this motion was overruled, a second appeal was taken, attempting to raise the same questions involved in the first appeal. In holding the second appeal was too late, it was said:

"If Sheets wanted that final order and judgment reviewed it was incumbent on him to prosecute his appeal. He could not stand by and permit the appeal to be dismissed, and under the form and guise of a motion in the district court to set aside and vacate the final orders and judgment theretofore made, again bring in issue the question of whether they were right or wrong and thus extend his time to appeal. Were that to be permitted, by successive failures to prosecute appeals and successive motions to review, a final disposition of the matter could be indefinitely postponed." (p. 57.)

See, also, *Hilliard v. Southern Kansas Stage Lines Co.*, 146 Kan. 288, 290, 70 P. 2d 28. Compare *Souden v. Rine Drilling Co.*, 150 Kan. 239, 92 P. 2d 74.

As the appeal was not perfected within sixty days from July 8, 1938, the date of the judgment sustaining the demurrer, the appeal must be dismissed. It is so ordered.