No. 37,106

A. R. SHERMAN and G. B. SHERMAN, *Appellants,* v. F. H. CRON, as an Individual, and F. H. CRON, Administrator *de bonis non* with the will attached of the Estate of John B. Sherman, deceased, et al., *Appellees.*

(193 P. 2d 206)

Opinion filed May 8, 1948.

*Grey Dresie,* of Wichita, argued the cause, and was on the briefs for the appellants.

*J. B. McKay,* of El Dorado, argued the cause, and *Clem H. Silvers,* of El Dorado, was with him on the briefs for appellee F. H. Cron.

*Elmer W. Columbia,* of Parsons, and *R. Y. Taliaferro, Jr.,* of El Dorado, were on the briefs for appellees Sadie Taliaferro, Margaret Doane, Lucille Guinn and Robert Y. Taliaferro, Jr.

The opinion of the court was delivered by

THIELE, J.: This is an appeal by plaintiffs from an order overruling their motion to set aside an order of dismissal of their action for lack of prosecution.

In view of our conclusions later stated, it is not necessary that the facts be fully reviewed. On April 30, 1941, plaintiffs commenced their action against the defendants to set aside conveyances of real estate, and for damages. In 1942, defendant F. H. Cron answered, in July, 1946, defendants Taliaferro, Taliaferro and Doane answered, and about that time publication service was had upon defendant Guinn, who demurred.

Under the statutes, terms of court are had in Butler county commencing on the first Monday in March and the second Monday in June and November of each year. (G. S. 1947 Supp. 20-1013.)

On June 9, 1947, being the opening day of the June, 1947, term, the case was reached in its regular order on the call of the docket and as shown by the journal entry the various defendants were present by attorneys, but the plaintiffs did not appear, either in person or by attorney. The journal entry further recites:

"Thereafter, and on June 13, 1947, plaintiffs still having failed to appear, either in person or by attorney, the Court, from an examination of the file, and from its own knowledge of the facts and circumstances, and being fully advised in the premises, finds, on its own motion, that this action should be dismissed for lack of prosecution.

"It Is Therefore, on this 13th day of June, 1947, ordered, adjudged and decreed that this action be and the same is hereby dismissed for lack of prosecution at the costs of the plaintiffs."

On July 3, 1947, plaintiffs filed their motion praying that the order of dismissal be set aside and the cause reinstated. On September 5, 1947, this motion was heard, and upon consideration was denied and overruled.

On October 16, 1947, plaintiffs perfected their appeal to this court from the order of the trial court of September 5, 1947, overruling their motion to set aside the order of dismissal. No attempt was made to appeal from the order of dismissal made June 13, 1947.

Appellants direct our attention to *Bane v. Cox,* 75 Kan. 184, 88 Pac. 1083, and present an argument that under its reasoning the trial court abused its discretion in dismissing their action for lack of prosecution.

Appellees object to any consideration of the appeal for the reason that the order of dismissal was made on June 13, 1947; that no appeal was taken from that order; that the motion to set aside the dismissal was filed on July 3, 1947, and was denied on September 5, 1947; and that the notice of appeal filed October 16, 1947, was ineffective.

There is no doubt but that the order of dismissal made on June 13, 1947, was a final order from which an appeal could have been, but was not taken. If the court abused its discretion it did so in making the order and not in ruling upon the later motion. No appeal having been taken from the order, the judgment of dismissal became a finality. There is no provision of our code of civil procedure for a motion to set aside an order of dismissal, and the filing of such a motion and its pendency until heard did not have the effect of extending the time for appeal, and under the circumstances, the ruling

on the motion furnished no basis for an appeal. See *Sheets v. Metropolitan Building Co.*, 144 Kan. 55, 58 P. 2d 93; *Tarnstrom v. Olson*, 150 Kan. 528, 95 P. 2d 352; *Central Fibre Products Co. v. State Tax Comm.*, 150 Kan. 665, 95 P. 2d 353; *Weiskirch v. Lux*, 154 Kan. 464, 119 P. 2d 451; and *Stinson v. McConnell*, 160 Kan. 1, 159 P. 2d 406; where similar and analogous situations are discussed.

It follows the appeal must be and it is dismissed.