No. 38,686

DOROTHY V. COHEN and FRANK L. COHEN, *Appellants*, v. GREY DRESIE, JOHN MADDEN, JR., doing business as Madden & Madden, and CLARENCE R. SOWERS, *Appellees*.

(256 P. 2d 845)

Opinion filed May 9, 1953.

*Charles Rooney*, of Topeka, was on the briefs for the appellants.

*Grey Dresie* and *E. E. Sattgast*, both of Wichita, argued the cause, and *Carl A. Bell, Jr., John Madden, Jr., Clarence R. Sowers* and *Clyde Wendelken, Jr.*, all of Wichita, were with them on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order denying a motion to revise, modify or vacate portions of a final judgment pertaining to allowance of attorneys' fees rendered in an action instituted by a wife for divorce, alimony and division of property.

The instant appellants are the husband and wife in the former divorce action. They join in seeking the same relief, namely, the

recovery of fees paid to some of the wife's and to some of the husband's attorneys in the divorce and property settlement action.

After the issues in the divorce action were joined by a petition, answer and cross petition and after numerous hotly contested proceedings were had, but prior to the trial of the action on its merits, these appellants made a property settlement, reconciled their differences and the action was dismissed on the husband's motion. The journal entry of judgment, in part, recites:

". . . the court finds that the allegations contained in the defendant's motion to dismiss are true and *that a settlement has been reached by the plaintiff and defendant* and that a reconciliation between the parties has been effected." ( Our italics.)

Appellants have styled their appeal in this court as follows:

"DOROTHY V. COHEN and FRANK L. COHEN, *Appellants,* v. GREY DRESIE, JOHN MADDEN, JR., doing business as Madden & Madden, and CLARENCE R. SOWERS, *Appellees."*

The title of the appeal is misleading as appellants at no time filed an action against appellees. The so-called appellees, as previously stated, are some of the attorneys who represented the husband and wife in the divorce action. The husband had three different sets of attorneys in the course of the proceedings which began May 23, 1951, and ended in the dismissal of the action July 24, 1951.

The husband paid his first firm of attorneys a fee and also paid an original fee allowed by the court for the preparation of his wife's action. These two fees are not involved in the appeal.

In the course of various proceedings which included a hearing to modify the original restraining order against the husband, an application for a receiver, a hearing on an accusation against the husband for contempt and the final decree of settlement and dismissal of the action the court allowed attorneys' fees to counsel for both the wife and the husband on two occasions. The fees were allowed out of funds of the husband which he had been directed to deposit with the court clerk in order to prevent their concealment and possible dissipation. The first of the fees complained of was ordered paid July 13, 1951, for services rendered to that date by both the wife's and the husband's attorneys. That order was made following a hearing on the contempt charge against the husband for violation of the restraining order. The accusation was filed after the husband had caused considerable damage to a liquor stock and store being operated by the wife. It was at this hearing the court also found the husband had committed perjury.

We find no objection in the record at that time to the allowance of any of the attorneys' fees. Thereafter the parties reconciled their differences and began living together on July 21, 1951. The husband filed a motion to dismiss the action. A judgment of dismissal was rendered July 24 at which time the court made a final allowance of fees to the attorney for the wife and a fee to the husband's new and latest counsel. The record discloses no objection at that time to the allowance of any fee. They were paid by the clerk in accordance with the court's order.

Within three days after the judgment of dismissal was entered on the husband's motion he and his wife joined in a motion to revise, modify or vacate all orders made by the district court for attorney fees except the original fee to the wife's attorney and to compel appellees to return into the hands of the court clerk all fees obtained on the ground they were excessive and void. The motion also requested the court to hear evidence and fix reasonable fees for the respective attorneys, these appellees. The motion was denied. It is solely from the ruling denying this motion that the appeal is taken.

Appellants admit the court may make such orders as will insure the wife an efficient preparation of her case and on granting a divorce in favor of the wife or refusing the application of her husband, the court may require the husband to pay such reasonable expenses of the wife in the prosecution or the defense of the action as may be just and proper. (G. S. 1949, 60-1507.) Appellants, however, contend that absent a statute the court has no authority to fix attorneys' fees for the husband. They further argue that since no divorce was granted to the wife and none was refused to the husband all fees allowed to any of the attorneys, except the first fee to the wife, are void. They assert a void order may be set aside at any time. (G. S. 1949, 60-3009.)

Before treating the merits of these contentions we are confronted with appellees' motion to dismiss the appeal. They emphasize the fact appellants filed no motion for a new trial and they have not appealed from the judgment of dismissal in which the last fees were allowed. They direct attention to *Sherman v. Cron,* 165 Kan. 138, 193 P. 2d 206, in which it was held there is no provision in the code of civil procedure for a motion to set aside an order of dismissal and to reinstate the action and the ruling on a motion for that purpose furnishes no basis for appeal. Appellees further contend the motion to revise, modify or vacate the final judgment of

settlement and dismissal of the action was merely tantamount to a request to the court to re-examine the questions involved and to render a different judgment; that such a motion is addressed only to the court's discretion and a ruling thereon is not appealable, citing *Tarnstrom v. Olson,* 150 Kan. 528, 95 P. 2d 352; *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553. Appellees also assert appellants have acquiesced in the judgment of dismissal by accepting its benefits; that the reconciliation was made possible only, by a settlement of property rights, which the attorneys helped effectuate; that appellants paid the costs of the action without protest and the husband made a conveyance of property to the wife; that the husband benefited by obtaining a property settlement agreeable to him and, therefore, moved for a dismissal of the action.

Acquiescence in a judgment cuts off the right of appellate review. (*Sisk v. Edmonston,* 163 Kan. 394, 182 P. 2d 891.) A party may not accept the benefits of a judgment and reject its burdens by thereafter questioning the validity of the judgment. (*Patterson v. Patterson,* 164 Kan. 501, 505, 190 P. 2d 887.)

In passing we pause to remind appellants the orders for attorneys' fees, if in any respect unauthorized, constituted error (*Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700) but the judgment was not void where the court, as here, had jurisdiction of the parties and subject matter.

The appeal is dismissed.