No. 39,117

MARIAN PETERS, *Appellant*, v. C. F. PETERS, *Appellee*.

(263 P. 2d 1019)

Opinion filed December 12, 1953.

*A. Lewis Oswald*, of Hutchinson, Kansas, argued the cause, and *William L. Mitchell*, of Hutchinson, Kansas, was with him on the brief for the appellant.

No appearance for appellee.

The opinion of the court was delivered by:

THIELE, J.: This was an action in which the plaintiff sought a divorce, custody of a minor child, division of property and alimony. The defendant filed an answer and cross petition. On the issues thus framed a trial was had following which judgment was rendered on January 17, 1953, awarding a divorce to plaintiff, who was given the custody of the minor child, for whose support provision was made, and the household furniture, and reserving the question of "division of property and alimony" for one week. On January 24, 1953, the trial court adjudged that plaintiff should be awarded $1,250 as restoration to her of property owned by her at the time of marriage, to be a lien upon real estate owned by the parties (homestead) and that subject to that lien each party was awarded a one-half interest in the real estate, and in the event of a sale, she should have a lien of $1,250 and the parties should have the balance in equal shares. Within three days the plaintiff filed her motion that the judgment be set aside and that the trial court reconsider the right of plaintiff to have the full right, title and interest in their present home and to have judgment against the defendant for permanent alimony. In her motion the plaintiff pointed out no error of the trial court and did not ask for a new trial.

The trial court heard this motion and on February 14, 1953, denied it. Within a few days, plaintiff perfected an appeal to this court from the judgments of the trial of January 17, January 24, and February 14, 1953.

The record further discloses that on March 20, 1953, the plaintiff and her counsel and the defendant and his counsel appeared in open court and announced that subject to the approval of the trial court, it had been agreed that the defendant should sell all of his right, title and interest in their home to the plaintiff for the sum of $2,000, and asked the court to approve the sale. The court confirmed the sale and ordered the plaintiff to pay to the clerk of the court the sum of $2,000, the defendant to execute a quitclaim deed to the plaintiff and deliver it to the clerk, and the clerk to deliver the deed to the plaintiff and to pay the defendant the $2,000 less the costs of the action taxed at $66.45.

Appellant's abstract was filed in this court on May 8, 1953. Although variously stated therein in three paragraphs, the gist of appellant's specification of errors is that the trial court erred in refusing to allow her alimony "in any shape, manner or form."

We first observe that no motion for a new trial was filed pointing out any error of the trial court. Under the circumstances there is nothing open to review in this court. See cases collected in West's Kan. Dig. App. & E., ¶¶ 281, 502, Hatcher's Kan. Dig. App. & E., ¶¶ 366, 378.

Even if it be assumed that the post decision motion filed were a motion for a new trial, it appears affirmatively from the record as abstracted that plaintiff accepted the fruits of the judgment from which the appeal was taken by taking the property awarded to her and indirectly paying the costs, but seeks by this appeal to have further benefits adjudged to her. This court has repeatedly held that anything that savors of acquiescence in a judgment cuts off the right to appellate review (see *Sisk v. Edmonston*, 163 Kan. 394, 182 P. 2d 891; *Newsome v. Anderson*, 164 Kan. 132, 187 P. 2d 495; *Cohen v. Dresie*, 174 Kan. 391, 256 P. 2d 845 and cases cited for the general rule) and that a party may not accept the benefits of a judgment and reject its burdens by thereafter questioning the validity of the judgment. (See *Patterson v. Patterson*, 164 Kan. 501, 505, 190 P. 2d 887.)

The record presents no question open to review and the appeal is dismissed.