No. 39,226

MARIAN F. PETERS (Formerly MARIAN F. WEBER), *Appellant,* v. EDGAR L. WEBER, *Appellee.*

(267 P. 2d 481)

Opinion filed March 6, 1954.

A. *Lewis Oswald* and *William L. Mitchell,* both of Hutchinson, were on the briefs for the appellant.

*Max Wyman* and *Don Wyman,* both of Hutchinson, were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: Because of the facts and circumstances, the question presented in this appeal is rather unusual, and concerns the liability of defendant husband for long past-due payments for child support.

The trial court held that plaintiff wife was barred by laches from enforcing her ex-husband's liability for such delinquent payments, and she has appealed.

In June, 1941, plaintiff was granted a divorce from defendant. Certain property rights, with which we are not now concerned, were adjusted by the decree. They were the parents of a two-year-old son, Phillip, and plaintiff was granted custody of the child. Defendant was ordered to pay the sum of $20 per month for the child's support, such payments to be made through the office of the clerk of the court.

About a year after her divorce from defendant the plaintiff married a man by the name of Peters, following which she, her son Phillip, and Peters lived as one family. She and Peters also had a child of their own. This marriage ended in a divorce in January, 1953 (*Peters v. Peters,* 175 Kan. 422, 263 P. 2d 1019). During all of the years of her marriage to Peters the latter supported Phillip as though he were his own child. During this period, and in fact ever since her divorce in 1941 from defendant, plaintiff had not requested defendant to pay anything for Phillip's support. During all of this period defendant paid nothing.

In the meantime defendant, after serving in the army in World War II, remarried and established a home in Wichita. He and his second wife had a child of their own. Apparently his marriage to plaintiff, and their son Phillip, were a closed chapter in his life.

In the spring of 1953, following her divorce from Peters, plaintiff instituted a contempt proceeding against defendant because of his total failure to comply with the terms of the 1941 divorce decree

providing for child support. She also filed a motion for an order determining the amount of such delinquency and directing that it be paid. She further sought an order increasing the amount of future monthly payments.

After a full hearing thereon the court found defendant not guilty of contempt, that due to her laches plaintiff was barred from enforcing payment of past-due child support, and ordered defendant to pay $10 per week commencing March 28, 1953, for the support of Phillip, who at that time was about fourteen years of age.

Plaintiff has appealed, and contends the lower court erred in its ruling with respect to past-due payments, and in ordering the payment of only $10 per week for future support.

At the outset, we note defendant's contention the appeal should be dismissed for the reason that plaintiff did not file a motion for a new trial—hence there is nothing open for appellate review. Under the circumstances presented we do not consider the rule contended for to be applicable. At the time of rendering judgment with respect to the liability of defendant for the delinquent payments the trial court filed a lengthy written memorandum in the nature of findings of fact and conclusions of law. In the absence of a motion for a new trial the facts as found by the trial court therefore stand as the unquestioned facts of the case, leaving, then, the only question whether they are sufficient to support the judgment rendered. (*Arnall v. Union Central Life Ins. Co.*, 157 Kan. 535, 538, 142 P. 2d 838.) The court will consider the appeal.

Because of the nature of the question presented, and inasmuch as the trial court's written memorandum clearly sets forth the factual background of the matter and the reason for the judgment rendered, it is quoted in full:

"At the hearing of the citation for contempt, the plaintiff moved for an order determining that the defendant was delinquent in the payment of support ascertaining the amount of such delinquency and directing defendant to make regular payments thereon in specific amounts. It has been conceded that all amounts due over five years are barred by the Statute of Limitations, and that only those amounts which have become due within five years are in issue here.

"From the files in the case and the evidence introduced at the hearing the following are found to be the facts:

"On June 13, 1941, judgment was entered granting plaintiff a divorce, awarding her all of the household furniture and all the equity in the home being purchased by the parties, giving her custody of Phillip Eugene Weber, minor son of the parties, and ordering defendant to pay $20.00 per month

for his support. The defendant was not present at the divorce hearing nor was he represented by counsel. He had not previously been served with any order for support, and there is no evidence that he was ever apprised of terms of the decree relating to support, although plaintiff testified that his mother and father knew of them.

"Shortly after the divorce was granted, in about August, 1941, plaintiff wrote the defendant who was then in Enid, Oklahoma, stating that she realized he was having a hard time, that she was getting along fine and that if he would just leave her alone he could see the boy whenever he wished. In a second letter sent defendant in April, 1942, while he was at Fort Riley, the plaintiff told defendant that she didn't want to ask him for any more money, but that there was a small automobile tax due and that she would be satisfied if he sent that. In response to that letter the amount of the tax was sent her by the defendant.

"The plaintiff never at any time requested any money from the defendant for the support of Phillip, from the time of the divorce until shortly prior to the contempt hearing, nor did she apply for any allotment for the boy while defendant was in service. She did not notify the defendant of the order for support or that she either wanted or expected him to contribute any amount to the support of Phillip.

"About a year after plaintiff secured her divorce from the defendant, she married again, this time to a man by the name of Peters. Thereafter and until her divorce from Mr. Peters shortly before the present hearing plaintiff and her son made their home with Peters, and her first demand on defendant for support for Phillip came a short time after she divorced Peters.

"The defendant remarried some time after the divorce and has a son by the second marriage. He has assumed heavy financial obligations, including the purchase of a $12,000.00 home on which payments are $85.00 per month and the purchase of a car requiring monthly payments of $61.00.

"It may be conceded that the Court, at this time, cannot modify the order for support previously made so far as past due amounts are concerned. The law seems clear that amounts past due may not be increased nor decreased. However, that does not dispose of the question presented here. In this action, plaintiff seeks a determination of amounts due her and an order requiring their payment. This is, for practical purposes, a proceeding for the full support awarded by the Court. Under the circumstances disclosed in the instant case, may laches be interposed as a defense to such proceedings? In my opinion the question requires an affirmative answer.

"The doctrine of laches is equitable in character. In 19 Am. Jur., p. 343, it is said that the doctrine is applicable where the following are disclosed: (1) Conduct on defendant's part giving rise to the situation of which complaint is made, (2) delay of claimant in asserting his rights, (3) lack of notice or knowledge on defendant's part that plaintiff would assert his rights, (4) injury or prejudice to the defendant in event the relief asked for is accorded. All these elements seem to be present in the case here being litigated.

"The Supreme Court of Kansas, in the case of *McKee v. McKee*, 154 Kan. 340, has held that the doctrine of laches is applicable in a proceeding to recover payments of support past due where a recovery would be inequitable. Although

that was an action in which there had been acquiescence in the payment of amounts less than those awarded, it is felt that that case and the general principles enunciated therein are controlling in the case at bar.

"The situation here presented is one that involves not only a delay of nearly 12 years on the part of plaintiff to assert her claim, which taken alone probably would not suffice to constitute laches but involves as well a failure on her part to advise defendant that she had secured a judgment, although she knew he was not present at the hearing and although she did, in fact, communicate with him. And not only did she fail to assert any claim or to advise defendant that she had a judgment or expected help, her actions actually implied that she did not expect or even want help in supporting Phillip. The import of her letters was that she desired to be let alone. Those letters, together with plaintiff's failure to assert any claim, certainly must have led the defendant to believe that she wanted none of his help so far as Phillip was concerned. It seems scarcely open to question that plaintiff intended up to the time of her re-marriage, at least, to care for Phillip through her own efforts, and that after her marriage to Mr. Peters she relied solely on him to furnish her son's support.

"That prejudice to the defendant would result in the event the relief sought be granted, is fairly to be deduced from the evidence. As was said in the McKee case, payment of the lump sum demanded is, of itself, quite a different thing from the payment of $20.00 per month over a period of years. Furthermore, the defendant has remarried and has a new family, in the care of which he has assumed financial obligations which might well be quite beyond his ability to discharge, should he be burdened, at this late date, with the amount plaintiff now demands. The position of the defendant has altered, and to his detriment should plaintiff's claim be allowed. It may fairly be assumed that in incurring his present indebtedness, the defendant believed he could pay the same. Had he known of a large outstanding and unpaid judgment, that belief could hardly have been entertained. But in view of the plaintiff's long silence and her acquiescence in the maintenance of her son by his step-father rather than by defendant, the latter's reliance upon such a belief seems both logical and wholly justified.

"In my opinion it would be inequitable, under the facts of this case, to allow plaintiff's application. She received both real and personal property as a result of the divorce. Thereafter she not only failed to apprise defendant that she had secured an order for support, but implied that she did not want support for her son. For a period of about 11 years the son was maintained by his step-father. Now that this second marriage has been dissolved she, for the first time, seeks payment covering that period. In view of defendant's altered circumstances, it is my opinion it would be unjust to compel payment of any sums that may be delinquent, and that plaintiff must be denied recovery because of laches.

"The plaintiff's application for an order determining back support to be due and directing its payment is denied."

From the foregoing it is obvious that in arriving at its decision the trial court followed the reasoning of McKee v. McKee, 154 Kan. 340, 118 P. 2d 544, 137 A. L. R. 880, the syllabus of which reads:

"The decree in a divorce proceeding ordered payment by the husband of $60 a month for the support and maintenance during minority of a child then one or two years of age. Soon after the payments were reduced by the husband to $50 a month and were accepted in that amount by the former wife every month for more than nineteen years and until after the child had become of age and no longer required or asked support from either parent. In an action in which the former wife sought to recover the alleged deficiency of $10 a month over the whole period, it is held: (1) The trial court correctly ruled that all alleged deficiencies in the monthly installments due and unpaid for more than five years were barred by the statute of limitations, G. S. 1935, 60-306, ¶ 6. (2) By acquiescence in the reduction to $50 and by her acts and conduct viewed in the light of all the facts and circumstances set out in the opinion, the appellee was barred, by her laches, from recovering any of the alleged deficiencies in the monthly payments."

It may be conceded that the question and principles there involved are quite similar to those of the instant case. On the other hand, we think the facts are readily distinguishable, and that it cannot be said that decision is controlling under the facts and circumstances of the case before us.

In the McKee case we have the affirmative acts of the father in paying $50 per month, and acceptance by the mother for the benefit of the child, for more than nineteen years. Here we are confronted with the fact defendant father paid nothing toward his child's support following the 1941 divorce—a period of twelve years. The record shows that he had notice of the pendency of the action. In the McKee case the child had become of age, she no longer required or asked support from either parent, and had executed a written release to her father and mother releasing both of them from any further claim as far as the judgment for child support was concerned, all prior to the action of the mother seeking to recover the alleged deficiency. No such circumstances are present here. The child is still a minor, and enforcement of the past-due payments would accrue directly to his benefit.

As found by the trial court, and as conceded by both parties, instalments decreed in a divorce action for the support of a minor child become final judgments as of the dates due, may be collected as other judgments, and are barred by the statute of limitations (G. S. 1949, 60-306, Sixth) the same as other judgments. (Sharp v. Sharp, 154 Kan. 175, 117 P. 2d 561; McKee v. McKee, supra; Haynes v. Haynes, 168 Kan. 219, 212 P. 2d 312; and Andrews v. Andrews, 171 Kan. 616, 237 P. 2d 418.) In other words, defendant is liable, if at all, for only those payments which became due within five

years prior to the commencement of the instant proceeding, totalling $1,200.

We have no fault to find with what is said in the McKee case and in *Calkin v. Hudson,* 156 Kan. 308, 318, 319, 133 P. 2d 177, also relied on by defendant, on the subject of laches. The general rules are stated correctly in both decisions. But, as was said in *Edwards v. Moore,* 143 Kan. 447, 453, 54 P. 2d 933, whether laches bars action depends upon the special circumstances of each case. One "special circumstance" of the instant case is that for twelve years defendant paid nothing toward the support of his child, and, if compelled to pay the accrued five years' deficiency, he would in reality be paying the sum of only $100 per year for the twelve years during which he was delinquent.

Under all of the circumstances of the case we are unwilling to hold that defendant is entitled to invoke the defense of laches as a bar to the enforcement of his moral and legal obligation to his minor child. The rights of the latter are not to be waived by the inaction and passive acquiescence on the part of the mother. We are of the opinion the court erred in ruling that defendant was not liable for the payments which became due within five years prior to the commencement of this proceeding.

Inasmuch as the order requiring defendant to pay the sum of $10 per week, commencing in March, 1953, was undoubtedly based upon the premise that recovery of all delinquent payments was barred, the trial court may, in view of our contrary holding on that question, desire to change its order for future support. It of course has the right to do so, provided such further order does not operate retrospectively.

In her brief counsel for plaintiff mention the matter of the allowance of an attorney's fee for services in connection with the appeal. However, as the matter is not properly before us no order with reference thereto is made.

In view of what has been said it follows that the judgment of the trial court is reversed with directions to make such order with reference to payment by defendant of the deficiency in question as appears to be equitable and just in the light of all surrounding facts and circumstances.

PRICE, J. (dissenting): I find myself in the somewhat awkward position of being unable to agree with the opinion of the court which

fell to my lot to write. But, I would be less than honest with myself if I did not register a brief dissent, for I am convinced that upon this record the decision of the trial court was correct.

I do not, for one moment, contend that defendant should not be censured and condemned for his delinquency in failing to provide support for his child during the twelve-year period. On the other hand, whose duty was it to see that the order was enforced? As a practical matter it was not the child's—it was plaintiff's duty, and from this record it is clear that she not only did not request any money but did not want any. By her inaction and acquiescence over the years, she, for all practical effects, due to the intervention of the statute of limitations, waived all rights she or her son possessed to collect delinquent payments accruing more than five years prior to the commencement of this proceeding. Why, then, was it not possible, as a matter of fact, and of law, for her to waive those rights, by her laches, as to the payments accruing within five years prior to its commencement? As was said in *Calkin v. Hudson*, 156 Kan. 308, 133 P. 2d 177, cited in the opinion of the court—

"Where the statute of limitations is not an absolute bar to the enforcement of stale demands, the doctrine of laches as a principle of equity may frequently be invoked with equal effect. Laches exist when there is undue delay in the assertion of a legal right before a tribunal competent to enforce it. Lapse of time alone does not constitute laches . . .; but if such delay has misled other parties to their prejudice the bar of laches may be invoked. . . ." (p. 318.)

My thought on this matter is that the court's decision fails to take into account those human elements and practical everyday realities of life so often present when parents are divorced. For all this record shows the child was properly and adequately supported during the period he lived with his mother and stepfather, Peters. There is no contention to the contrary. And, as far as the present and future are concerned, the trial court has already made an order for support, and can increase the amount to be paid as circumstances warrant.

The written memorandum of the trial court expresses my views in this matter, and for that reason I would affirm the judgment.